# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDACHE STEPTER,<br><br>   Plaintiff,<br><br> v.<br><br>AVENAL STATE PRISON, et al.,<br><br>   Defendants. | CASE NO: 1:11-cv-01905-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO SECTION 1915(g) AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>Docs. 1 & 2 |

On November 16, 2011, Plaintiff Jordache Stepter ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and filed a motion to proceed in forma pauperis. Docs. 1 & 2.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed has three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g)

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d 1113 at 1121.

The Court takes judicial notice of the following cases which counts as strikes: 1) *Stepter v. Childs, et al.*, 1:07-cv-01365-AWI-GSA (E.D. Cal.), Doc. 10 (dismissed March 12, 2009, for failure to state a claim); 2) *Stepter v. Childs, et al.*, 1:07-cv-01528-OWW-GSA (E.D. Cal.), Doc. 15 (dismissed June 13, 2008, for failure to state a claim); and 3) *Stepter v. Chavon Parks*, 2:11-cv-08802-UA-MLG (E.D. Cal.), Doc. 6 (dismissed November 2, 2011, for failure to state a claim).

Plaintiff has three or more strikes which occurred before Plaintiff filed this action on November 16, 2011. Moreover, Plaintiff does not demonstrate that he faced imminent danger of serious physical injury at the time he filed his complaint. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis and dismissal of Plaintiff's action is appropriate. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

Based on the foregoing, the Court HEREBY ORDERS:

1. Plaintiff's motion to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g); and
2. This action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:   December 22, 2011

UNITED STATES MAGISTRATE JUDGE